IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

TRINA WRIGHT                                                                                    PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:16-CV-977-KS-TFM

CARTER & CARTER CONSTRUCTION, LLC                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion to Dismiss Count Two – Retaliation ("Motion to Dismiss") [6] filed by Defendant, Carter & Carter Construction, LLC. After considering the submissions of the parties, the record, and the applicable law, the Court finds that the motion is well taken and should be granted.

**I.  BACKGROUND**

Plaintiff Trina Wright ("Plaintiff") filed this action in this Court on December 19, 2016, against Defendant Carter & Carter Construction LLC ("Defendant"). (Compl. [1].) This action focuses on Plaintiff's employment relationship with Defendant, a business located in Lee County, Alabama, during 2015. Plaintiff brings claims of sexual harassment, retaliation, and assault against Defendant. Defendant's Motion to Dismiss [6] challenges only Plaintiff's retaliation claim.

**II.  DISCUSSION**

A.    **Standard of Review**

Defendant filed its Motion to Dismiss [6] under Federal Rule of Civil Procedure 12(b)(6). For a claim to survive a Rule 12(b)(6) motion, it must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

1

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). In evaluating the motion, the Court accepts "the allegations in the complaint as true and construe[s] them in the light most favorable to the plaintiff[]." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347 (11th Cir. 2016). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

### B. Retaliation Claim

To make out a prima facie retaliation claim under Title VII, Plaintiff must show that she was engaged in a statutorily protected activity, that she suffered a materially adverse action, and that there was some causal relation between the two. *Butler v. Alabama Dept. of Transp.*, 536 F.3d 1209, 1212-13 (11th Cir. 2008). Statutorily protected activities include opposing an unlawful employment practice, and making a charge, testifying, assisting, or participating in any manner in an investigation, proceeding or hearing related to an unlawful employment practice. 42 U.S.C. § 2000e-3(a) (2017). Statutory protection extends, not just to employees who have filed formal complaints, but also to employees who have informally voiced complaints to supervisors or who have used internal procedures for voicing complaints. *Rollins v. State of Fla. Dept. of Law Enforcement*, 868 F.2d 397, 400 (11th Cir. 1989). Additionally, the statute protects an employee from retaliation even if her complaint is meritless, if she can "show a good faith, reasonable belief that the challenged practice[] violates Title VII." *Id.*

Defendant rightfully asserts in its Motion to Dismiss [6] that Plaintiff's Complaint [1] fails to allege that Plaintiff was engaged in statutorily protected conduct that resulted in retaliation. Plaintiff states that she "had to quit . . . to escape from her supervisor's harassment," (Compl. [1]

at ¶ 24), and that she "was forced to leave employment . . . to escape the [h]arassment." (Compl. [1] at ¶ 31.) However, at no point does Plaintiff allege that her separation from her employment or any other actions by the employer were causally linked to her engagement in a statutorily protected activity. The only indication that Plaintiff engaged in a statutorily protected activity is the statement that Plaintiff filed a charge of sex discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Compl. ¶ 3.) It is not clear from the Complaint [1] whether this charge was filed with the EEOC while Plaintiff was still employed by Defendant, and Plaintiff does not allege any facts that plausibly lead to a finding that Defendant's actions were causally linked to the filing of the EEOC charge. Even construing all of Plaintiff's assertions as true, Plaintiff's retaliation claim, as currently stated, is not sufficient to survive a Rule 12(b)(6) motion to dismiss because it does not allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974.

Defendant also asserts Plaintiff's failure to allege that she administratively exhausted her retaliation claim is a basis for granting the Motion to Dismiss. (Mot. Dismiss [6] at pp. 3-4). Defendant relies on the fact that Plaintiff only alleges that she filed an EEOC charge of "sex discrimination" and that Plaintiff never alleges that she filed a retaliation charge with the EEOC. (Compl. [1] ¶ 3.) Generally, a plaintiff must file a charge with the EEOC prior to filing a Title VII action. *Gregory v. Georgia Dept. of Human Resources*, 355 F.3d 1277, 1279 (11th Cir. 2004). However, "it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court." *Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 169 (11th Cir. 1988) (quoting *Gupta v. E. Tex. State Univ.*, 654 F.2d 411, 414 (5th Cir. Unit A Aug. 1981)). Because the Complaint does not

contain enough facts to properly assert all elements of a retaliation claim, the Court is unable to determine if the Plaintiff's retaliation claim plausibly grew out of the earlier charge of sex discrimination filed with the EEOC.

### C. Request for Leave to Amend

In her Response to Defendant's Partial Motion to Dismiss Count Two – Retaliation ("Plaintiff's Response") [15], Plaintiff requests the Court's authorization to file an amended complaint including "facts that could amount to retaliation." (Pl.'s Resp. [15] at p. 3.) The Court questions Plaintiff's ability to allege facts that sufficiently state a claim for retaliation. Under Federal Rule of Civil Procedure 15(a)(1)(B), Plaintiff had 21 days after service of Defendant's Motion to Dismiss to amend her pleading as a matter of course but failed to do so. Though Federal Rule of Civil Procedure 15(a)(2) instructs the Court to "freely give leave" to amend, the Court "may properly deny leave to amend under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004). Plaintiff's own assertion that "discovery is expected to show many specific acts that could constitute retaliation" leads the Court to believe that there are no facts that she could currently allege that would state a plausible claim for retaliation. (Pl.'s Resp. [15] at p. 3.) As such, any amendment would be futile, and the Court will deny Plaintiff's request for leave to amend.

Therefore, the Court finds that Defendant's Motion to Dismiss [6] should be **granted**, and Plaintiff's retaliation claim under Title VII will be **dismissed with prejudice**.

## III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss [6] is **granted**. Plaintiff's claim of retaliation under Title VII is **dismissed with prejudice**.

SO ORDERED AND ADJUDGED, on this, the ⎯⎯ 30th ⎯⎯ day of May, 2017.

                                                 s/Keith Starrett
                                                 KEITH STARRETT
                                                 UNITED STATES DISTRICT JUDGE